UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.O. CHISOM,<br><br>         Plaintiff,<br><br>v.<br><br>ALLEN BRISCO,<br><br>         Defendants. | Case No.: 3:16-cv-03108-LAB-BGS<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

J.O. Chisom ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 8).

**I. Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

*Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity which shows he has a current balance of $0.00. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available.").

/ / /

/ / /

1    Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 8) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   **A.    Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

/ / /

1  "When there are well-pleaded factual allegations, a court should assume their
2  veracity, and then determine whether they plausibly give rise to an entitlement to relief."
3  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
4  ("[W]hen determining whether a complaint states a claim, a court must accept as true all
5  allegations of material fact and must construe those facts in the light most favorable to
6  the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
7  § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

8  However, while the court "ha[s] an obligation where the petitioner is pro se,
9  particularly in civil rights cases, to construe the pleadings liberally and to afford the
10 petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
11 2010) (*citing Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
12 "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
13 *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and
14 conclusory allegations of official participation in civil rights violations" are simply not
15 "sufficient to withstand a motion to dismiss." *Id.*

16  **B.    42 U.S.C. § 1983**

17  "Section 1983 creates a private right of action against individuals who, acting
18 under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*
19 *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of
20 substantive rights, but merely provides a method for vindicating federal rights elsewhere
21 conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks
22 and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)
23 deprivation of a right secured by the Constitution and laws of the United States, and (2)
24 that the deprivation was committed by a person acting under color of state law." *Tsao v.*
25 *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).
26 / / /
27 / / /
28 / / /

### C. Eighth Amendment claims

Plaintiff alleges that he was a witness to an altercation between two other inmates on November 1, 2015. (*See* Compl. at 3.) Plaintiff attempted to intervene to help one of the inmates. (*Id.*) Correctional officers "shot a 40mm projectile aiming at the assailant" but the "shot hit Plaintiff in the left leg thigh." (*Id.*) Plaintiff was "escorted to MHSDS Building" where Defendant Brisco, a "Psyche Tech," medically evaluated Plaintiff. (*Id.*) Plaintiff claims Defendant Brisco told him that he would be examined by a nurse and treated for his wound. (*Id.*) Despite being told that he would be seen by a nurse the following day, "days began to pass" while Plaintiff's wound "began to cause him extreme pain." (*Id.* at 4.) Plaintiff claims he did receive treatment for the wound on November 6, 2015. (*Id.*) As a result, Plaintiff has a "visible round scar" on his left thigh that requires "cosmetic surgical procedures." (*Id.* at 6.)

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing Estelle, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that

significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Plaintiff alleges to have suffered a wound which the Court finds sufficient to plead an objectively serious medical need. *McGuckin*, 914 F.2d at 1059. However, even assuming Plaintiff's medical needs are sufficiently serious, his Complaint still fails to include any further "factual content" to show that Defendant Brisco acted with "deliberate indifference" to his needs. *Id.* at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Specifically, the only claims pertaining to Defendant Brisco are the allegations that Brisco told Plaintiff that he would be seen by a nurse the day after the incident and Plaintiff was not seen until five days after the incident. (*See* Compl. at 3-6.) There are no other allegations that Defendant Brisco had any other involvement in Plaintiff's medical treatment. In addition, there are no allegations that Defendant Brisco was at all aware that Plaintiff was not seen by a nurse the following day.

While Plaintiff concludes Defendant acted with "deliberate indifference' by failing to provide treatment in a quicker fashion,  his Complaint lacks sufficient factual allegations which demonstrates any Defendant's "purposeful act or failure to respond to [his] pain or possible medical need," and any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is because to be deliberately indifferent, Brisco's acts or omissions must involve more than an ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23.

1  Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the
2  doctor[] chose was medically unacceptable under the circumstances and that the
3  defendant[] chose this course in conscious disregard of an excessive risk to [his] health."
4  *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).
5      Plaintiff's Complaint, however, contains no facts sufficient to show that Brisco
6  acted with deliberate indifference to his plight by "knowing of and disregarding an[y]
7  excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).
8  Delays in receiving treatment do not by themselves show deliberate indifference, unless
9  the delay is alleged to be harmful. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada
10 Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  Here, Plaintiff's own
11 admission that he has a small scar that requires cosmetic surgery is not indicative of a
12 harmful delay in treatment.
13     Accordingly, the Court finds that Plaintiff's Complaint fails to state an Eighth
14 Amendment inadequate medical care claim against Defendant Brisco, and that therefore,
15 it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C.
16 § 1915(e)(2)(B)(ii) and § 1915A(b)(1).
17     **D.  Conspiracy claim**'
18     Plaintiff also alleges that Defendant Brisco engaged in a "conspiracy" on the
19 grounds that Defendant Brisco prepared a "fraudulent and fabricated" chrono.  (Compl. at
20 7.)  However, the Court finds Plaintiff's Complaint fails to state a claim for conspiracy
21 under section 1983, because it offers only "naked assertions devoid of further factual
22 enhancement," *Iqbal*, 556 U.S. at 678, to show the existence of an agreement or a
23 meeting of the minds to violate his constitutional rights, or any actual deprivation of
24 those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v.
25 Fox*, 312 F.3d 423, 441 (9th Cir. 2001)
26 / / /
27 / / /
28 / / /

### E. Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 8).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

    5.    **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: March 9, 2017

Hon. Larry Alan Burns
United States District Judge